IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **INNOVATIVE SPORTS MANAGEMENT, INC. as Broadcast Licensee of the September 11, 2010 Mexican Fiesta: Morales v. Limond Event d/b/a Integrated Sports Media,** | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:13-CV-1328-L** |
| **JOSE LUIS PEREZ d/b/a Circulo 33 d/b/a Circulo 33 Billares d/b/a Billares Circulo 33,** | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Default Judgment, filed August 14, 2013. After careful consideration of the motion, brief, appendix, record and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment.

## I.    Procedural and Factual Background

Innovative Sports Management, Inc., as Broadcast License of the September 11, 2010 Mexican Fiesta: Morales v. Limond Event d/b/a Integrated Sports Media ("Innovative Sports" or "Plaintiff"), filed this action against Jose Luis Perez, individually, and d/b/a Circulo 33 d/b/a Circulo 33 Billares d/b/a Billares Circulo 33 ("Perez" or "Defendant") on April 1, 2013. According to Plaintiff's Original Complaint ("Complaint"), Innovative Sports contends that Defendant violated the Communications Act of 1934, 47 U.S.C. §§ 553, 605 (the "Act"). Specifically, Plaintiff contends that Defendant violated this statute on September 11, 2010, by his

unauthorized and illegal interception or receipt and exhibition of the "Mexican Fiesta: Morales v. Limond Event" (hereinafter referred to as the "Event") broadcast at his commercial establishment.

Perez was personally served with a copy of the summons and Complaint in this action on April 15, 2013.  He was required to answer or otherwise respond to the Complaint by May 6, 2013, 21 days after service of the Complaint.  *See* Fed. R. Civ. P. 12.  Perez did not answer or otherwise respond.  Innovative Sports requested an entry of default, and the clerk of the court entered a default against Defendant on August 14, 2013.  By its motion, Plaintiff seeks a default judgment, statutory damages, additional damages for willful conduct on the part of Defendant, a permanent injunction, attorney's fees, and costs.

## II.    Analysis

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law.  Fed. R. Civ. P. 55(a).  Under Rule 55(a), a default must be entered before the court may enter a default judgment.  *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  The clerk of the court has entered a default against Perez.

Perez, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).  In other words, the well-pleaded allegations of the Complaint establish that Perez exhibited the Event without a license and without authorization from Plaintiff.  Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Perez is in default, that he is liable to Innovative Sports as set forth in the Complaint, and that Innovative Sports is entitled to a default judgment, appropriate damages, injunctive relief, attorney's fees and costs.

**Memorandum Opinion and Order – Page 2**

A.      **Damages**

In Plaintiff's Motion for Final Default Judgment, it asks the court to award $10,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $50,000 in additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).  Section 605 of the Act provides that an aggrieved party may not recover an award of statutory damages of more than $10,000 (for each violation of subsection (a) of section 605 of the Act). 47 U.S.C. § 605(e)(3)(C)(i)(II).  The amount of statutory damages requested by Plaintiff falls within the amount allowed by statute, and the court finds that the amount of $10,000 in statutory damages is reasonable.

With regard to additional damages under subsection (C)(ii) of the Act, the conduct alleged in the Complaint amounts to "willful" conduct, thereby allowing Plaintiff to recover additional damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.").  The court in its discretion may increase the amount of damages by an amount of not more than $100,000 for each violation of subsection (a).  47 U.S.C. § 605(e)(3)(C)(ii).  To deter pirating of cable and satellite broadcasts, courts have applied multipliers of three to eight times the statutory damages as additional damages. *See Kingvision Pay-Per-View , Ltd. v. Scott E.'s Pub, Inc.*, 146 F. Supp. 2d 955, 960 (E.D. Wis. 2001) (discussing cases applying multipliers of three to eight times the statutory damages as additional damages in order to deter future violations); *see also Cablevision Sys. Corp. v. Maxie's N. Shore Deli Corp.*, No. CV-88-2834 (ASC), 1991 U.S. Dist. LEXIS 4874, at *6, 1991 WL 58350, at *2 (E.D.N.Y. 1991) (awarding additional damages for willful violation under section 605 in the amount of five times the initial statutory damages

award). Defendant did not exhibit the Event innocently; it was intentionally and knowingly done for financial gain.

The multiplier of five times in this case is reasonable, considering the Event was willfully exhibited on five televisions or monitors to approximately eighteen persons and the importance of deterring future violations.  The court determines that such damages are ascertainable from the Complaint and the record, and awards Plaintiff $50,000 as additional damages.  Accordingly, Plaintiff is entitled to a total amount of **$60,000** in damages.

### B.    Permanent Injunction

Plaintiff further requests that the court permanently enjoin Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Act.  The relevant section of the statute permits courts to grant a final injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the Act. 47 U.S.C. § 605(e)(3)(B)(i).  After a careful review of the evidence and authority, the court determines that the four factors necessary for a permanent injunction have been satisfied, and such injunctive relief is appropriate.  Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, Defendant's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendant are forever enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Act.

### C.    Costs and Attorney's Fees

The Act requires the court to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff Innovative Sports requests attorney's fees from Defendant in the amount of one-third of the actual and additional damages awarded to prosecution of this case through default judgment,

which would result in an award of $20,000.  Plaintiff cites some authority for the proposition that a one-third contingency fee is reasonable for the prosecution of an antipiracy case.  The court, however, believes that such an award in this case would be unreasonable and result in an unjustified windfall to Plaintiff.  This is so because Plaintiff's counsel prosecutes numerous cases of this nature and uses forms and templates that only need to be changed with respect to the day an event is broadcast, the name of the defendant or defendants who committed the violations, and the facts that support the violations.  The court determines that the lodestar approach (the reasonable number of hours multiplied by a reasonable hourly rate) should govern the award of attorney's fees and will use that methodology.

Plaintiff's counsel, Mr. David Diaz, has been licensed by the State of Texas since 1999. His practice consists of representing clients in a wide variety of civil law matters, with an emphasis on commercial collection matters.  The court has awarded hourly fees of $250 in other antipiracy cases in which Mr. Diaz was counsel.  Based on previous awards and the information submitted by Plaintiff as to the usual and customary hourly rate of an attorney with the ability, competence, experience, and skill of Mr. Diaz, the court determines that an hourly rate of $250 is quite reasonable.

Although Plaintiff's counsel has produced no time records setting forth the number of hours expended, he submitted an affidavit stating that he reasonably expended a minimum of four hours on this action.  The court, based on its review of the docket sheet and its familiarity in setting fees in these kinds of cases, determines that four hours were reasonable and necessary to prosecute this case.  Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees in the amount of **$1,000.**

**Memorandum Opinion and Order – Page 5**

Plaintiff also requests attorney's fees for postjudgment or appellate work that it may have to perform.  The court believes that an award of attorney's fees should be based on time expended, not some yet-to-occur event.  Moreover, federal courts rarely award attorney's fees for matters that have not occurred.  Accordingly, the court **declines** to award Plaintiff any attorney's fees for work that has not been performed.

## III.   Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment.  The court concludes that a default judgment is appropriate on behalf of Plaintiff in the amount of **$60,000**.  Further, the court **permanently enjoins** Defendant, Defendant's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with Defendant from intercepting or exhibiting an unauthorized program in violation of the Act.  The court also **awards** Plaintiff reasonable attorney's fees in the amount of **$1,000** and **taxes** all allowable and reasonable costs against Defendant.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 20th day of March, 2014.

Sam A. Lindsay
United States District Judge